Bernard S. Meyer, J.
Two of the individual defendants move to vacate and set aside judgment of foreclosure- herein. The complaint recited the amount due on the mortgage as $10,769.02, *345 plus interest and late charges and demanded judgment that plaintiff be paid the amount due on the mortgage, with interest, costs and expenses. The moving defendants defaulted. Thereafter an ex parte order was entered on plaintiff’s application amending the complaint by changing the principal sum due from $10,769.02 to $14,000, and after receipt of Referee’s report this court signed the judgment of foreclosure, awarding plaintiff judgment for the sum of $14,000. Prior to the award of judgment, but after the amendment, the moving defendants appeared and waived service of all papers except notice of sale and of surplus money proceedings. They, therefore, received no notice of the application for judgment of foreclosure. In the course of negotiations with other lenders to refinance, the moving defendants learned of the amount of the judgment entered. This motion resulted.
The motion is granted. As required by rule 45 of the Rules of Civil Practice, the summons stated that “ In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.” When a defendant defaults in appearing after service of summons without complaint but with a rule 46 notice, judgment cannot be entered against him “ by default on any other cause of action or for more than the amount specified in the notice served with the summons under rule 46 ” (Everitt v. Everitt, 4 N Y 2d 13, 16; Thomas v. First Nat. Bank of Lisbon, 263 App. Div. 476, 478). It follows that wThen a defendant defaults in appearance after service of summons and complaint, judgment cannot be entered against him for more than the amount specified in the complaint unless the complaint has been amended after notice to him and an opportunity for him to be heard (see Civ. Prac. Act, § 479; Chapman v. Chapman, 284 App. Div. 504, 509; Restatement, Judgments, § 8, comment c). That the rule may be different when there has been an appearance (Everitt v. Everitt, supra; Corcoran & Kostelanetz v. Dupuy, 15 Misc 2d 456, mod. 6 AD 2d 776) does not help plaintiff in the present case because the appearance here was after the ex parte amendment and without notice of it (see Irving Trust Co. v. Seltzer, 265 App. Div. 696, 700).
The judgment of foreclosure as entered was unauthorized and must, therefore, be set aside.