316 So.2d 690

**CONTINENTAL CASUALTY COMPANY**

v.

**James K. BARLAR.**

**Civ. 559.**

Court of Civil Appeals of Alabama.

July 16, 1975.

**442**

———◆———

Johnston, Johnston & Kendall, Mobile, for appellant.

Cunningham, Bounds & Byrd, Mobile, for appellee.

WRIGHT, Presiding Judge.

This appeal comes from denial of a motion to set aside a default judgment.

Plaintiff brought suit on a policy of insurance. The damage claimed in the complaint was $2,500.00 together with interest. At some time subsequent to the filing and prior to entering the default judgment, the complaint was amended without service upon defendant as required by Rule 5(a) *Alabama Rules of Civil Procedure*. Amendment was by interlining the complaint and increasing the sum from $2,500.-00 to $2,856.00.

Defendant defaulted. Judgment was given plaintiff in the amount of $2,856.00. Several months later, defendant filed a motion to set aside the judgment for want of service of the amended complaint.

After hearing, the court denied the motion after requiring remittitur of $356.00. Such remittitur reduced the judgment to the original principal claim of $2,500.00.

Defendant charges error in the denial of the motion to set aside the judgment. We agree and reverse.

Rule 54(c) *Alabama Rules of Civil Procedure* states:

"A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment. . . ."

It is obviously the purpose of the rule that a defendant after being served with a complaint and determining not to appear and defend, not be found liable after default for a different offense or amount of damages than that originally charged. Such has been the federal rule and that of other states. Wright & Miller, *Federal Practice and Procedure:* Civil § 2663. *Linker v. Batavian National Bank,* 271 Wis. 484, 74 N.W.2d 179 (1956); *Meadow Brook National Bank v. Whitehead,* 31 Misc.2d 344, 220 N.Y.S.2d 127 (1961); *Pruitt v. Taylor,* 247 N.C. 380, 100 S.E.2d 841 (1957).

Defendant submits that the entry of judgment upon the amended complaint without service of the amendment upon it renders the judgment void in its entirety. Rule 5(a), ARCP. Plaintiff answers that the judgment is not void in its entirety but only as to the excess over and above that claimed in the original complaint. He further contends that the amount of the judgment does not exceed that prayed for in the original complaint. It is argued that the amount of the judgment represents only the amount claimed together with interest.

The last argument we cannot accept for it is unsupported by anything of record. There was no evidence submitted in opposition to the motion for new trial as to the amount of interest due the plaintiff. The judgment does not indicate that it represents sums due under the policy with interest thereon. The amendment changed the principal sum and continued to demand interest.

We find that the default judgment entered was for an amount exceeding that claimed in the original complaint. It therefore was beyond the authority of the court to render. Rule 54(c) ARCP. We further find that the trial court's refusal to set aside such judgment, after directing and accepting remittitur was erroneous. Such action is merely correcting a judgment. We find no authority in a trial court to correct or amend its judgment, with or without motion, after expiration of 30 days, except for clerical errors. Rule 59, ARCP. Neither do we find authority in the trial court to require a remittitur except as a condition to the overruling of a motion for new trial. Rule 59(f) *ARCP.*

That it had exceeded its power, as charged in the motion to set aside, was accepted by the court when it attempted to correct its error by directing judgment, after remittitur, for the principal amount sued for. We understand the intent of the court to act justly. However, this court must find that the court was without authority to take such action.

Various authorities have held that a judgment such as that entered here is subject to collateral attack. Some seem to indicate that it is void only as to the excess over the amount originally claimed. However, it is difficult to understand how a judgment may be void only as to an excess. If such were accepted, an improper default could always be corrected by deducting the excess amount or by granting the relief requested originally. Such rule would permit approval of any amendment and judgment thereon by default. If or when detected the court could simply change the judgment by requiring remittitur or changing to the relief originally requested. It appears that if the trial court exceeds its statutory authority, an indivisable judgment is void in its entirety and must be set aside upon motion. In the case of *State ex rel. Yohe v. District Court,* 33 Wyo. 281, 238 P. 545, the court said:

"If the measure of a court's authority depends upon and is limited by statute, a judgment that, by the face of the record proper, is shown not to be in substantial compliance with mandatory provision of the statute, or contrary to the limitations or conditions precedent therein expressed is void and subject to collateral attack."

We hold the trial court in error. The judgment of March 2, 1973 must be reversed and the cause remanded.

Reversed and remanded.

BRADLEY and HOLMES, JJ., concur.