HOLMES, Judge.
The Circuit Court of Coosa County denied the defendant’s motion to set aside a default judgment. The defendant appeals.
*1122 The plaintiff sued the defendant for conversion of a car and other personal property. The defendant was served with the summons and complaint but failed to answer. Thereafter, in February of 1978, a default judgment was entered in the amount of $15,000. In August, the defendant filed a Rule 60(b), ARCP, motion to set aside the default judgment. An ore tenus hearing was held. The trial court denied the motion to set aside the default judgment conditioned on the plaintiff’s acceptance of a remittitur of $10,000. The plaintiff accepted the $10,000 remittitur and defendant appeals.
The defendant contends the trial court erred in refusing to set aside the default judgment and in awarding punitive damages.
This court is required to reverse and remand without reaching the issues raised by defendant.
There is no authority for the trial court’s action in ordering the aforementioned re-mittitur. The law regarding remittitur is clear and is aptly stated by Presiding Judge Wright in Continental Casualty Co. v. Barlar, 55 Ala.App. 441, 316 So.2d 690 (1975), a case paralleling the instant appeal. Quoting from Continental:
We find no authority in a trial court to correct or amend its judgment, with or without motion, after expiration of 30 days, except for clerical errors. Rule 59, ARCP. Neither do we find authority in the trial court to require a remittitur except as a condition to the overruling of a motion for new trial. Rule 59(f) ARCP. 55 Ala.App. at 443, 316 So.2d at 692.
This court is fully cognizant that our reason for reversal is not raised by either party. However, as seen from the above, the trial court was without authority to take the action it took regarding the remit-titur. Clearly, the trial court’s action was critical to the resolution of the case. We therefore have no alternative but to reverse and remand to enable the trial court to properly consider defendant’s Rule 60(b) motion.
Furthermore, this court avoids, so far as possible, inconsistencies in our opinions. See Cochran v. Cochran, 49 Ala.App. 178, 269 So.2d 884 (1970), rev’d in part, 289 Ala. 615, 269 So.2d 897 (1972).
REVERSED AND REMANDED.
WRIGHT, P. J., and BRADLEY, J., concur.