Azalea City Federal Credit Union (credit union) filed a complaint against Superior Security Service, Inc. (Superior). In its complaint, the credit union claimed that Superior was in default under the terms of a loan agreement dated August 14, 1992, and owed the credit union $49,684.11, plus interest, attorney fees, and costs.
Superior answered and filed a counterclaim, wherein it claimed that Superior and the credit union had entered into an agreement, under which the credit union agreed to cover Superior's payroll until Superior received payment from various jobs. Superior contended that the credit union breached this agreement when it closed Superior's account with the credit union, which caused several payroll checks to be dishonored. Superior claimed that this breach caused it to lose numerous contracts with the State of Alabama.
The credit union filed a motion for summary judgment, with supporting documentation. Superior filed documentation in opposition to this motion for summary judgment. On January 28, 1994, the trial court issued an order, granting the motion for summary judgment in favor of the credit union in the amount of $58,829.84, plus costs. Also on January 28, 1994, the trial court entered an order, which stated: "Counterclaim dismissed by the court." Both of these orders were entered on the case action summary sheet.
On April 4, 1994 (66 days after the order dismissing the counterclaim was entered on the case action summary sheet), Superior filed a short motion, designated as a "motion for reinstatement," with no accompanying documentation.
The trial court granted the "motion for reinstatement" as to the counterclaim. Thereafter, the credit union filed a motion for summary judgment, wherein it requested that the trial court grant the motion in favor *Page 29 
of the credit union on the counterclaim. Superior filed an affidavit in opposition to the motion for summary judgment. An order granting the motion for summary judgment in favor of the credit union on the counterclaim was issued on May 9, 1994.
Superior filed its notice of appeal on June 15, 1994. This case is before this court pursuant to Ala. Code 1975, §12-2-7(6).
At the outset, we would note that the credit union asserts that Superior's notice of appeal is untimely filed because it was filed more than 42 days after the January 28, 1994, orders.
Rule 4(a)(1), A.R.A.P., provides that "the notice of appeal . . . shall be filed . . . within 42 days (6 weeks) of the date of entry of the judgment or order appealed from." Rule 4(a)(3), A.R.A.P., provides that "[t]he filing of a post-judgment motion pursuant to Rules 50, 52, 55, or 59 of the Alabama Rules of Civil Procedure . . . shall suspend the running of the time for filing a notice of appeal." However, these post-judgment motions must be filed within 30 days after the entry of the judgment. This was clearly not done in this case.
In the present case the "motion for reinstatement" was not a timely post-judgment motion and did not suspend the running of the time to file a notice of appeal. In fact, the post-judgment motion was filed more than 42 days after the entry of the January 28, 1994, judgment.
Stated another way, the trial court's actions on January 28, 1994, dismissing Superior's counterclaim was a final judgment. The time for appealing the January 28, 1994, order expired 42 days after the entry of the judgment. The motion to reinstate the counterclaim, filed 66 days after the January 28, 1994, order, was of no import. Likewise, the trial court was without power to reinstate the counterclaim by a post-judgment motion. It is well settled that after 30 days elapse following the entry of a judgment, the trial court no longer has authority to correct or amend its judgment, except for clerical errors.Hallmark v. Hallmark, 381 So.2d 641 (Ala.Civ.App. 1980);Continental Casualty Co. v. Barlar, 55 Ala. App. 441,316 So.2d 690 (Ala.Civ.App. 1975).
We would note that the "motion for reinstatement" was not a motion filed pursuant to Rule 60(b), nor do the parties so contend.
Consequently, this appeal is due to be dismissed because it was untimely filed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
APPEAL DISMISSED.
All the Judges concur.