Felicia Foster sued Jimmy Brown after they were involved in an automobile accident, which she alleged was caused by his negligence and/or wantonness. She sought compensatory damages and punitive damages. Brown failed to file an answer in response to her complaint, and Foster filed a motion for entry of default, pursuant to Rule 55(a), Ala.R.Civ.P. The trial court granted the motion. After a hearing to determine damages, the trial court entered a default judgment, pursuant to Rule 55(b) against Brown for over $65,000. More than 30 days after the entry of the default judgment, Brown filed a motion, pursuant to Rule 60(b), Ala.R.Civ.P., to set aside the default. Rule 55(c) did not apply because Brown filed his motion more than 30 days after the entry of the *Page 716 
default judgment. On that same day, Brown also filed a notice of appeal to the supreme court, which transferred the appeal to this court, pursuant to Ala. Code 1975, § 12-2-7(6).
Brown argues on appeal that the trial court erred by not granting his Rule 60(b) motion to set aside the default judgment. However, the record indicates that the trial court has not yet ruled on the Rule 60(b) motion; therefore, we dismiss the appeal as being from a nonfinal judgment.
APPEAL DISMISSED.
Robertson, P.J., and Yates and Monroe, JJ., concur.
Thompson, J., concurs in the result.