This is the second appeal in this case. See Brown v. Foster,777 So.2d 715 (Ala.Civ.App. 2000) (Brown I). In BrownI, Brown appealed from what he contended was the trial court's erroneous denial of a Rule 60(b), Ala.R.Civ.P., motion. This court dismissed the appeal as not from a final judgment, because the record indicated the trial court had not yet ruled on Brown's motion. While that appeal was pending, the trial court entered an order purporting to deny Brown's Rule 60(b) motion. Brown appealed that order to the supreme court, which transferred the case to this court, pursuant to Ala. Code 1975, § 12-2-7(6).
Rule 60(b) states: "Leave to make the motion need not be obtained from any appellate court except during such time as an appeal from the judgment is actually pending before such court." As stated above, when the trial court purported to deny Brown's motion an appeal was pending in this court. Brown had not sought leave of this court to make his motion; therefore, the trial court lacked jurisdiction to rule on the motion. Personnel Bd. for Mobile County v. Bronstein, 354 So.2d 8 *Page 1142 
(Ala.Civ.App. 1977). Because the trial court lacked jurisdiction to rule on the motion, we dismiss the appeal.
APPEAL DISMISSED.
Robertson, P.J., and Yates, Monroe, and Thompson, JJ., concur.