In June 2003, Victoria Covington and Vivian Covington sued Craig Jenkins and Jenkins Savings Systems, Inc., d/b/a A-Plus Mortgage, Ltd. In their one-count complaint, the plaintiffs alleged that the defendants had converted to their own use *Page 32 
the proceeds of a check made payable to the plaintiffs in the amount of $7,732.24; the plaintiffs sought compensatory and punitive damages based on that claim. The defendants, through counsel, answered the complaint with a general denial. In July 2004, the trial court held a scheduling conference, which counsel for both the plaintiffs and the defendants attended. After that conference, the trial court issued an order stating that a pretrial conference would take place on January 24, 2005, and that a trial would take place on February 7, 2005. Copies of that order were provided to counsel for both the plaintiffs and the defendants.
The cause was called for trial on February 7, 2005, as scheduled; however, neither the defendants nor their counsel appeared at trial. A default judgment was entered in favor of the plaintiffs at that time, and the trial court permitted counsel for the plaintiffs to present evidence of damages. During that hearing, the plaintiffs testified that they had received only $4,030 of the proceeds of a check in the amount of approximately $7,732.24 and stated that Jenkins had told them that $3,500 of the proceeds had been diverted in order to defray the plaintiffs' costs to enter a program that would allow biweekly mortgage-note repayments; Vivian Covington testified that no such program actually existed.
At the conclusion of the presentation of evidence, the trial court and counsel for the plaintiffs made the following remarks (emphasis added):
 "THE COURT: . . . ALL right, What's your claim?
 "[Plaintiffs' counsel]: Your Honor —
 "THE COURT: Now, we have an answer filed, so we assume [the defendants] were served.
 "[Plaintiffs' counsel]: They were served, Your Honor.
 "THE COURT: Okay.
 "[Plaintiffs' counsel]: And they filed an answer and failed to appear in court.
 "THE COURT: Okay. [Counsel for the defendants] appeared at the scheduling conference?
 "[Plaintiffs' counsel]: He was here at the scheduling conference.
 "THE COURT: All right. Now, what are you asking for?
 "[Plaintiffs' counsel]: I just wanted to point out to the Court that Mr. Jenkins is being sued for basically the same fact situation in [another action pending in the same circuit, but before a different judge]. I just found out last week.
 "THE COURT: I just want to know what you want to — whether you're asking for a judgment, and for what amount.
 "[Plaintiffs' counsel]: We had asked for — We had asked for $15,000 from Mr. Jenkins. But —
 "THE COURT: Well, 3,000 plus dollars —
 "[Plaintiffs' counsel]: Plus interest.
 "THE COURT: Okay. Well, how much is that?
 "[Plaintiffs' counsel]: That would be — bring it to about 4 or $5,000.
 "THE COURT: Well, tell me what it is.
 "[Plaintiffs' counsel]: It would be 4,000 — 1 believe $4,984.
 "THE COURT: — $84. $k, 98U on the complaint.
 "[Plaintiffs' counsel]: On the complaint.
 "THE COURT: That's the amount plus interest.
 "[Plaintiffs' counsel]: Plus interest; the state's rate of interest. *Page 33 
 "THE COURT: All right. Now, this was conversion?
 "[Plaintiffs' counsel]: This was conversion, Your Honor.
 "THE COURT: And fraud.
 "[Plaintiffs' counsel]:I would like to amend the complaint, having found this information out which establishes a pattern and practice of doing this.
 "THE COURT: Well, I'll allow you to amend it to fraud. Go ahead and amend it.
 "[Plaintiffs' counsel]:I would like to amend the complaint to include a count of fraud.
 "THE COURT: How much are you asking for on fraud?
 "[Plaintiffs' counsel]: We would ask for a minimum of $45,000 on the fraud count.
 "THE COURT: The Court is going to enter a judgment of $50,000 on the fraud count;
$4,984 on the underlying count. You go draw the order . . . and I'll sign it."
Later that day, counsel for the defendants filed what he termed a "motion to reconsider" the trial court's apparent intended judgment in which he alleged that he had not been retained until the month before the scheduled trial, that he had been unaware of the trial date and had had a scheduling conflict, and that he needed further time to properly represent the defendants' interests. Four days later, the plaintiffs filed a response that pointed out that defendants' counsel had been involved in the case since the filing of the answer in August 2003, averred that defendants' counsel had attended the scheduling conference, and contended that 17 months was "ample time to prepare" for trial.
On February 22, 2005, while the defendants'"motion to reconsider" remained pending and although no final judgment had yet been entered in the cause, counsel for the defendants filed a notice of appeal based upon the trial court's February 7, 2005, announcement of its intended judgment. Of course, the designation in the notice of the appropriate appellate court as "the Circuit Court" was erroneous. See State of Alabamaex rel. S.L. v. S.W., 700 So.2d 1369, 1371 (Ala. 1997) ("it is axiomatic that a court cannot hear an appeal from a judgment of that same court"). However, Rule 3(c), Ala. R.App. P., provides that, when a notice of appeal does not designate the proper appellate court, "such designation shall be treated as a clerical mistake and corrected accordingly" and that "[t]he necessary clerical steps shall be taken to docket the appeal and to file the record and briefs in the appropriate appellate court." Moreover, under Rule 4(a)(4), Ala. R.App. P., "[a] notice of appeal filed after the announcement of a decision or order but before the entry of the judgment or order shall be treated as filed after the entry and on the day thereof." Because the trial court entered a final judgment in favor of the plaintiffs and against the defendants and awarding damages in the amount of $54,984 on April 28, 2005, 17 days after that court had entered an order denying the defendants'"motion to reconsider," we conclude that the defendants' appeal was perfected on April 28, 2005, and that that appeal was within the jurisdiction of the Alabama Supreme Court (see Ala. Code 1975, §§ 12-2-7 and12-3-10). We have jurisdiction because the appeal was subsequently transferred to this court pursuant to §12-2-7(6), Ala. Code 1975.
Under Rule 60(b), Ala. R. Civ. P., leave to make a motion seeking relief from a trial court's judgment "need not be obtained from any appellate court except during such timeas an appeal from the judgment is actually pending before such *Page 34 court" (emphasis added). Despite the defendants' previously filed notice of appeal, new counsel for the defendants appeared in the trial court and, on June 7, 2005, purported to file a motion pursuant to Rule 60(b), Ala. R. Civ. P., seeking relief from the trial court's judgment of April 28, 2005. The trial court entered an order purporting to deny that motion on July 14, 2005, and the defendants filed a second notice of appeal as to that order. However, because the notice of appeal previously filed by the defendants in the cause had ripened on April 28, 2005, when the trial court entered a judgment in conformity to its earlier announcement in open court, "an appeal from the judgment [wa]s actually pending" at the time that the defendants sought Rule 60(b) relief. Because an appeal was pending, it was incumbent upon the defendants to obtain leave from the appropriate appellate court (i.e., the Alabama Supreme Court) in order for the defendants to file a valid motion under Rule 60(b) when they did and in order for the trial court to have jurisdiction to rule upon that motion. E.g., Brown v. Foster,785 So.2d 1141, 1141-42 (Ala.Civ.App. 2000). To the extent that the defendants have sought review of the correctness of the trial court's ruling on the motion for relief from the judgment, we conclude that the trial court did not have jurisdiction to consider the defendants' Rule 60(b) motion at the time it acted. Id. As a result, only the April 28, 2005, default judgment is properly presented for review.
However, it is a fundamental principle of appellate procedure, one that we note ex mero motu, that an appeal will not properly lie from a void judgment entered by a trial court. See Underwood v. State, 439 So.2d 125,128 (Ala. 1983) ("a void judgment will not support an appeal"). In Continental Casualty Co. v. Barlar,55 Ala.App. 441, 316 So.2d 690 (Civ.App. 1975), this court addressed the validity of a judgment when, as in this case, an amendment to the complaint had been made, but had not been served upon the defendant, before the entry of a default judgment that awarded relief above and beyond the relief originally requested. After noting Rule 54(c), Ala. R. Civ. P., which provides that "[a] judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment," we held that the default judgment entered in Barlar
"was for an amount exceeding that claimed in the original complaint," that the judgment "was beyond the authority of the court to render," and that because the trial court had exceeded its authority its "indivisible judgment [wa]s void in its entirety." 55 Ala.App. at 443, 316 So.2d at 692;accord, Caver v. Caver, 410 So.2d 902, 904
(Ala.Civ.App. 1982) ("A party should have the right to assume that a court's judgment following his default will not extend beyond the issues presented by the complaint and the relief requested therein. He is deprived of his day in court if a default judgment is taken against him which neither comports with the issues stated nor with the relief sought.").
Similarly, in this case, the record reveals that the trial court allowed the plaintiffs, at the damages hearing conducted after the defendants had been found to be in default, to amend their complaint so as to state a fraud claim for the first time and entered a default judgment awarding $50,000 in damages on that claim. In doing so, the trial court entered a default judgment affording relief that was different in kind from that prayed for by the plaintiffs in the demand for judgment, and therefore under Barlar the trial court's judgment is void in its entirety. We dismiss the defendants' appeal with instructions to the trial court to set aside the default judgment in favor of the plaintiffs *Page 35 
and for that court to conduct further proceedings consistent with this opinion.
APPEAL DISMISSED WITH INSTRUCTIONS.
CRAWLEY, P.J., and THOMPSON, MURDOCK, and BRYAN, JJ., concur.