R.J.L. ("the mother") appeals from a judgment following a permanency hearing in a dependency case in which the juvenile court transferred physical custody of N.L., the mother's two-year-old son, from the child's foster parents in Alabama to the mother's cousins, A.C. and R.C., in Watertown, New York. On December 27, 2006, the juvenile court entered its judgment. On January 10, 2007, the mother timely appealed to this court. On January 12, the mother filed an affidavit of substantial hardship and requested the assistance of an attorney on appeal. On January 23, 2007, the juvenile court appointed the mother an attorney on appeal and granted her a free transcript.
On March 12, 2007, the court reporter completed and filed the transcript. On March 19, 2007, the mother's appellate counsel filed a motion for a new trial pursuant to Rule 59, Ala. R. Civ. P., or, in the alternative, a motion for relief from the *Page 457 
judgment pursuant to Rule 60(b), Ala.R.Civ.P., arguing that the mother's appointed trial attorney had rendered ineffective assistance of counsel. The juvenile court set that motion for a hearing on April 4, 2007, and it remains pending in the juvenile court.
To the extent that the mother's motion was one pursuant to Rule 59, Ala.R.Civ.P., it was untimely, because it was filed more than 14 days after the entry of the juvenile court's December 27, 2006, judgment. See Rule 1(B), Ala.R.Juv.P. (stating that "[a]ll postjudgment motions . . . must be filed within 14 days after entry of the judgment").
Rule 60(b) permits a civil litigant to collaterally attack a civil judgment, raising, among other issues, the denial of effective assistance of counsel at the trial of a dependency proceeding, see Ex parte E.D., 777 So.2d 113, 116
(Ala. 2000). However, because the appeal of this cause was pending when the mother filed her motion for relief from the judgment, it was incumbent upon the mother to obtain leave from this court in order to file a valid motion under Rule 60(b) when she did in order for the juvenile court to have jurisdiction to rule upon that motion. See, e.g., Jenkins v. Covington,939 So.2d 31, 34 (Ala.Civ.App. 2006); Brown v. Foster,785 So.2d 1141, 1141-42 (Ala.Civ.App. 2000); and Davis v.Davis, 753 So.2d 513 (Ala.Civ.App. 1999).
The mother's appointed appellate counsel raises three issues on appeal, namely: (1) that the mother's appointed trial counsel rendered ineffective assistance; (2) that the juvenile court was not presented with clear and convincing evidence that the child was dependent; and (3) that it was not in the child's best interest to be removed from the mother's custody.
The mother did not timely raise any of these issues in the juvenile court. It is well settled that issues not raised before the trial court cannot be raised for the first time on appeal. "Our review is limited to the issues that were before the trial court — an issue raised on appeal must have first been presented to and ruled on by the trial court." Norman v.Bozeman, 605 So.2d 1210, 1214 (Ala. 1992) (citing Bechtelv. Crown Central Petroleum Corp., 451 So.2d 793 (Ala. 1984)).
 "`"If there was improper procedure or an absence of proper procedure at trial, the attention of the trial judge must have been directed to it either at the time or by proper and timely post-trial motion. Without such in the record, there is nothing for our review."' [Centers v. Jackson County Dep't of Pensions Sec., 472 So.2d 1069, 1070 (Ala.Civ.App. 1985)] (quoting Embroy v. State Dep't of Pensions Sec., 450 So.2d 127, 129 (Ala.Civ.App. 1984))."
D.M. v. Walker County Dep't of Human Res.,919 So.2d 1197, 1207 (Ala.Civ.App. 2005).
The judgment of the Lee Juvenile Court is affirmed.
AFFIRMED.
PITTMAN, BRYAN, and MOORE, JJ., concur.
 THOMPSON, P.J., concurs in the result, without writing. *Page 458