SHAW, Justice
(concurring specially).
Douglas H. Cooner was disbarred by the .Disciplinary Board (“the Board”) of the Alabama State Bar (“the Bar”). We reversed the Board’s original decision, holding that its order did not satisfy the requirements of Rule 4.2, Ala. R. Disc. P., because it did not include findings of fact as to each allegation of misconduct, and we directed the Board to issue a new order. Cooner v. Alabama State Bar, 59 So.3d 29, 39 (Ala.2010). We further stated: ‘When the Board issues its new order, Cooner will have an opportunity to challenge the judgment” through a postjudgment motion. 59 So.3d at 41.
The Board issued a new order of disbarment, but Cooner did not file a post-judgment motion. We twice more remanded the Board’s order for the entry of a more specific order and ultimately affirmed, without an opinion, the Board’s order of disbarment. Cooner v. Alabama State Bar, 145 So.3d 1 (Ala.2013) (on return to second remand).
After this Court had affirmed the Board’s order, Cooner filed with the Board a “Motion for New Trial, to Alter, Amend or Vacate, or Alternatively to Open the Disciplinary Board’s Order.” The Board, citing this Court’s affirmance of Cooner’s disbarment, subsequently entered an order purporting to deny Cooner’s motion. Cooner purports to appeal from that order. The Board has moved to dismiss the appeal.
The Board is essentially the “trial court” of the disbarment proceedings. Assuming that the Board had the authority to hear a postjudgment motion to alter, amend, or vacate its order of disbarment, see Rule 3(b), Ala. R. Disc. P., and Rule 59, Ala. R. Civ. P., it would not have the authority to consider a postjudgment motion filed more than 30 days after it entered its final decision. See generally George v. Sims, 888 So.2d 1224, 1227 (Ala.2004) (“Generally, a trial court has no jurisdiction to modify or amend a final order more than 30 days after the judgment has been entered .... ”); Cornelius v. Green, 477 So.2d 1363, 1365 (Ala.1985) (holding that the trial court had no jurisdiction to modify its final order more than 30 days after its final judgment); Dickerson v. Dickerson, 885 So.2d 160, 166 (Ala.Civ.App.2003) (holding that, absent a timely postjudgment motion, the trial court has no jurisdiction to alter, amend, or vacate a final judgment); and Superior Sec. Serv., Inc. v. Azalea City *1261 Fed. Credit Union, 651 So.2d 28, 29 (Ala. Civ.App.1994) (“It is well settled that after 30 days elapse following the entry of a judgment, the trial court no longer has authority to correct or amend its judgment, except for clerical errors”). Any ruling by the Board on the motion would thus be a nullity. Ex parte Siderius, 144 So.3d 319, 323 (Ala.2013) (“ ‘A judgment issued by a trial court without jurisdiction is a nullity.’ ” (quoting Ex parte Punturo, 928 So.2d 1030, 1034 (Ala.2002))). “[A] nullity ... will not support an appeal.” Harden v. Laney, 118 So.3d 186, 187 (Ala.2013).
Additionally, even if the motion had been properly before the Board, the Board had no authority to alter, amend, or vacate its order, because this Court had affirmed it: “The issues decided by an appellate court become the law of the case ... and the trial court is not free to reconsider those issues.” Ex parte S.T.S., 806 So.2d 336, 341 (Ala.2001). See also Schramm v. Spottswood, 109 So.3d 154, 162 (Ala.2012) (“[T]he Spottswoods’ motion is an attempt to advance a new argument in order to revisit an issue already decided by the trial court ..., which decision was affirmed by the Court of Civil Appeals.... This they cannot do.”).
Cooner had the opportunity to challenge the findings of the Board by filing a timely application for rehearing of our affirmance. He did not do this.
I do not believe that the Board had authority to rule on Cooner’s motion much less to grant it, and any such ruling would not support an appeal. Therefore, I concur to dismiss the appeal.