PITTMAN, Judge.
In these two consolidated appeals, An-der Lee Tyson and. Melody Lee Tyson (“the Tysons”) ask this court to reverse what they assert are. erroneous judgments of the Choctaw Circuit Court in two civil actions. We dismiss both appeals for lack of subject-matter jurisdiction.
On December 13, 2011, Slater Jenkins (“Slater”) initiated an action (“the quiet-title action”) in the Choctaw Circuit Court. In .his complaint, Slater asserted that he and his two brothers (sometimes hereinafter referred to collectively as “the Jenkinses”) own, as tenants in common, a piece of real property consisting of eight acres in Choctaw County. According to the complaint, Slater’s parents purchased the property .in 1962, constructed a house on it shortly thereafter, and eventually deeded it to Slater and his brothers in 2001.[1]
*184 Slater further alleged that, in November 2011, he had received correspondence from the Tysons, in which they claimed to have recently purchased, as part of a larger tract of land, the portion of the real property upon which the house sits (“the property”). The Tysons gave Slater and his family 30 days to remove their belongings from the property before the Tysons had the house destroyed.
Slater requested the trial court to quiet title to the property and to declare Slater and his brothers as its owners. He also purported to state five other causes of action against the Tysons — namely, claims asserting a “bare right of possession,” “bare possession,” trespass, adverse possession, and the tort of outrage. Slater eventually amended his complaint to add a sixth count alleging “timber trespass.” Pursuant to those causes of action, Slater requested the trial court to restore possession of the property to Slater and his brothers, to permanently enjoin the Ty-sons from entering the property, to establish the boundary lines of the property, and to award Slater compensatory and punitive damages, attorney’s fees, and costs.[2]
On January 12, 2013; the Tysons answered the complaint. On May 10, 2013, the trial court entered a consent judgment stating that the parties had reached a settlement agreement resolving all issues presented in the quiet-title action. The judgment incorporated the settlement agreement, defined the boundaries of the property at issue, and directed the Tysons to remove a portion of a fence they had erected on the property. The judgment was signed by the trial court and the attorneys for all parties.
On September 13, 2013, the Jenkinses initiated a new civil action (“the contempt action”) in the Choctaw Circuit Court in which they sought to hold the Tysons in contempt of court for allegedly violating the consent judgment that had been entered in the quiet-title action. Specifically, the Jenkinses alleged that the Tysons had failed to remove the portion of the fence referenced in the consent judgment.
On October 28, 2013, having obtained new counsel, the Tysons filed in the contempt action a “Motion to Set Aside Judgment Due to Incompleteness Status,” in which they requested the trial court in the contempt action to set aside the consent judgment that had been entered in the quiet-title action. In support of their motion, the Tysons claimed that it was their understanding that no final judgment was supposed to have been entered, if at all, in the quiet-title action “until an assessment had been made [on the property] and [the] results disclosed.” On November 22, 2013, the trial court in the contempt action entered an order stating: “Motion for New Trial filed by [the Tysons] is hereby Denied.” It appears to this court that that order is directed to the Tysons’ motion to set aside for “incompleteness status.”
Approximately five months later, on April 28, 2014, the Tysons filed another motion in the contempt action. That motion was styled as one for relief from the judgment in the quite-title action, seeking relief under Rule 60(b), Ala. R. Civ. P. (“the Rule 60 motion”). In the Rule 60 motion, the Tysons asserted that, although the settlement agreement underlying the consent judgment in the quiet-title action had been negotiated by the attorneys of record (including their own attorney), the *185 Tysons themselves “were not present nor privy to such settlement agreement” and that, had they been present, they “would not have consented or agreed to the stipulation.” The.Tysons further alleged that the Jenkinses had never owned the property at issue and that the consent judgment should be set aside in order to prevent “an extreme hardship or injustice.”
The same day, the Tysons also filed in the quiet-title action the same motion to set aside due to “incompleteness status” that they had filed months earlier, and which had been denied, in the contempt action. Two days later, however, the Ty-sons filed in the quiet-title action the same Rule 60 motion they had filed in the contempt action.
On April 29, 2014, the Jenkinses filed, in both actions, a claim under the Alabama Litigation Accountability Act (“the ALAA”), § 12-19-270 et seq., Ala.Code 1975. The Jenkinses asserted, among other things, that the Tysons’ motions to set aside were frivolous. The Jenkinses later filed in support of their ALAA claims an affidavit from the Tysons’ former counsel, who had represented the Tysons in the quiet-title action and had signed the consent judgment, in which counsel testified that the Tysons had, in fact, been aware of the terms of the settlement agreement and had approved the same.
On May 22, 2014, the trial court in the contempt action entered an order denying the Tysons’ Rule 60 motion. The record on appeal, however, does not contain such a ruling in the quiet-title action, and the case-action-summary sheet in that action does not indicate that one was ever en-tored.[3] Nevertheless, the Tysons filed a notice of appeal in the quiet-title action on June 19, 2014; that appeal was docketed as appeal no. 2130836. Although no judgment had been entered granting or denying the Jenkinses’ petition for contempt, the Tysons also filed a notice of appeal in the contempt action on the same day; that appeal was docketed as appeal no. 2130886.[4] The two appeals, which have been consolidated, were transferred to this court, from the supreme court, pursuant to § 12-2-7(6), Ala.Code 1975.
Without final judgments, this court does not have jurisdiction to consider the appeals. Ex parte Wharfhouse Rest. & Oyster Bar, Inc., 796 So.2d 316, 320 (Ala.2001). “A final judgment that will support an appeal is one that puts an end to the proceedings between the parties to a case and leaves nothing for further adjudication.” Id. “[J]urisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.” Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987). “The parties may not waive lack of subject-matter jurisdiction, and subject-matter jurisdiction may not be conferred by consent.” Espinoza v. Rudolph, 46 So.3d 403, 413 (Ala.2010).
Because the trial court in the quiet-title action never ruled on the Rule 60 motion for relief from the judgment filed in that action, there is no final judgment on the Rule 60 motion in that case, and this court does not have jurisdiction to consider appeal no. 2130836. See Brown v. Foster, 777 So.2d 715 (Ala.Civ.App.2000) (dismissing an appeal from the trial court’s alleged *186 refusal to grant a motion for relief from judgment pursuant to Rule 60 because the trial court had not actually ruled on the motion). Likewise, because the trial court in the contempt action never entered an order granting or denying the Jenkinses’ petition- to hold the Tysons in contempt, there is no final judgment in that case, and this court does not have jurisdiction to consider appeal no. 2130886. See Arvin North Am. Auto., Inc. v. Rodgers, 71 So.3d 669 (Ala.Civ.App.2011) (dismissing an appeal from a contempt action brought after a worker’s compensation case because the judgment entered in the contempt action was incomplete and not final).[5]
Finally, we note that the parties appear to -have treated the two actions, at least in some instances; as if they had been consolidated. For example, the styles of some of the papers filed after commencement of the contempt action list the case numbers of both actions. There is, however, no motion to consolidate or order of consolidation in the appellate record. Regardless, it appears that consolidation would not have cured the jurisdictional defects. See generally R.J.G. v. S.S.W., 42 So.3d 747, 752-53 (Ala.Civ.App.2009) (stating that consolidated actions do not lose their separate identities, that consolidation does not merge the actions into a single action, that pleadings in one , action do not become pleadings in the other, and that each action requires the entry of a separate judgment). .
Because final judgments sufficient to invoke our appellate jurisdiction have not been enteréd in either of the cases below, we dismiss both appeals.
2130836 — APPEAL DISMISSED.
2130886 — APPEAL' DISMISSED.
Thompson, p:j., and thomas,- ■ MOORE, and DONALDSON, JJ., concur.

. The complaint also alleged that Slater’s father retains a life-estate interest in the property.

. Slater originally named his two brothers and his father as defendants along with the Tysons. Those three parties, however, were realigned as plaintiffs.

. The record also does not contain a ruling in the quiet-title action on the earlier filed motion to set aside for “incompleteness status.”

. In their respective appellate briefs, the Ty-sons assert, and the Jenkinses at least imply, that the trial court denied the Rule 60 motions in both actions. The order to which they cite, however, was entered only in toe contempt action. The record does not contain an order ruling on toe motion in the quiet-title action.

. We also note that the Jenkinses' ALAA claims were still pending when the Tysons filed their notices of appeal and that the trial court purported to deny those claims after the appeals were filed. It is not necessary, however, for this court to decide whether the trial court had jurisdiction to rule on those claims or whether the pendency of the claims affects appellate jurisdiction in the two cases before us.