PITTMAN, Judge.
Eugene Keeler petitions this court for a writ of mandamus directing the Montgomery Circuit Court ("the trial court") to grant his motion asking the trial court to vacate the order it entered on December 21, 2016, in the action docketed by that court as case no. CV-16-900561 and to vacate all orders entered in that action subsequent to December 21, 2016. Because we conclude that the trial court lacked jurisdiction to enter its December 21, 2016, order, which vacated a default judgment that had been entered in favor of Keeler, and the orders it entered in case no. CV-16-900561 subsequent thereto, we grant the petition and issue the writ.
Procedural History
In April 2016, Keeler sued Anderson Automotive, LLC ("Anderson Automotive"), alleging that Anderson Automotive was liable to Keeler under various theories of recovery for damage allegedly suffered by Keeler as a result of the manner in which Anderson Automotive had repaired Keeler's automobile. When Anderson Automotive failed to answer the complaint or otherwise defend, Keeler sought the entry of a default judgment against Anderson Automotive. George Anderson ("George"), who is a member of Anderson Automotive but is not a licensed attorney, appeared on behalf of Anderson Automotive at the first hearing regarding Keeler's motion for a default judgment on August 19, 2016. The trial court informed George that, because he was not a licensed attorney, he could not represent Anderson Automotive and continued the hearing until September 7, 2016, so that George could employ an attorney to represent Anderson Automotive. Keeler obtained a continuance of the September 7, 2016, hearing, and the trial court reset the hearing for October 4, 2016. When neither George nor a licensed attorney appeared on behalf of Anderson Automotive when the case was called for hearing on October 4, 2016, the trial court, that same day, entered a default judgment against Anderson Automotive in the amount of $47,156.88.
On November 16, 2016, 43 days after the entry of the default judgment, George filed a notice of appeal to this court on behalf of Anderson Automotive; that appeal was docketed as case no. 2160124. Noting that the notice of appeal had been filed by George, who is not a licensed attorney, 43 days after the entry of the default judgment, this court directed the parties to *1227 submit letter briefs addressing the issues whether the appeal was timely filed and whether George could validly file a notice of appeal on behalf of Anderson Automotive. Anderson Automotive did not file a letter brief; instead, a licensed attorney filed a notice of appearance on behalf of Anderson Automotive and a motion for leave to file a Rule 60(b), Ala. R. Civ. P., motion in the trial court. Keeler's letter brief asserted that the appeal was due to be dismissed because, Keeler said, the notice of appeal had been untimely filed and because, Keeler said, the notice of appeal could not have been validly filed on behalf of Anderson Automotive by George because he was not a licensed attorney. On December 20, 2016, this court entered a judgment dismissing the appeal because the notice of appeal was neither timely filed nor valid. Anderson Auto., LLC v. Keeler (No. 2160124, Dec. 20, 2016), 234 So.3d 517 (Ala. Civ. App. 2016) (table). On January 9, 2017, this court issued its certificate of judgment in the appeal and, that same day, issued an order denying, as moot, Anderson Automotive's motion for leave to file a Rule 60(b) motion in the trial court.
Meanwhile, on December 20, 2016, the day this court dismissed the appeal in case no. 2160124, Anderson Automotive filed a Rule 60(b) motion in the trial court asking that court to vacate the default judgment it had entered on October 4, 2016. On December 21, 2016, the trial court entered an order purporting to grant Anderson Automotive's Rule 60(b) motion. On January 18, 2017, Keeler filed a "motion to reconsider" challenging the December 21, 2016, order; that motion asserted that the trial court had erred in granting the Rule 60(b) motion in the absence of any evidence supporting that motion. The trial court denied Keeler's "motion to reconsider" on February 22, 2017. On March 24, 2017, 93 days after the entry of the December 21, 2016, order purporting to grant Anderson Automotive's Rule 60(b) motion, Keeler filed in this court a petition for a writ of mandamus directing the trial court to vacate that December 21, 2016, order. This court docketed Keeler's March 24, 2017, mandamus petition as case no. 2160459. On April 3, 2017, we dismissed that mandamus petition because it was untimely filed. Ex parte Keeler (No. 2160459, April 3, 2017), 246 So. 3d 131 (Ala. Civ. App. 2017) (table).
On August 3, 2017, Keeler filed a motion in the trial court, asking the trial court to vacate its December 21, 2016, order and all orders entered subsequent thereto based on a ground that was different from the ground he had asserted in his January 18, 2017, "motion to reconsider." The new ground asserted for the first time in Keeler's August 3, 2017, motion was that the trial court had lacked jurisdiction to enter its December 21, 2016, order purporting to grant Anderson Automotive's Rule 60(b) motion. On October 5, 2017, the trial court held a hearing regarding Keeler's motion. On October 11, 2017, the trial court implicitly denied Keeler's motion by entering an order (1) stating that, as previously ordered on July 31, 2017, the action was set for jury trial on December 11, 2017, and (2) ordering the parties to mediate their dispute. On October 25, 2017, Keeler timely filed the mandamus petition now before us. We called for an answer to Keeler's petition; however, no answer was filed.
Analysis
Regarding certificates of judgment issued by the Alabama appellate courts, Rule 41(a), Ala. R. App. P., provides: "The certificate of judgment of the court shall issue 18 days after the entry of judgment unless the time is shortened or enlarged by order." The period for issuing the certificate of judgment relating to this court's *1228 judgment dismissing Anderson Automotive's appeal in case no. 2160124 on December 20, 2016, was neither shortened nor enlarged by order. Thus, pursuant to Rule 41(a), the period for issuing the certificate of judgment relating to the dismissal of that appeal was 18 days. The 18th day after the entry of the judgment dismissing Anderson Automotive's appeal in case no. 2160124 was Saturday, January 7, 2017.
In pertinent part, Rule 26(a), Ala. R. App. P., provides:
"In computing any period of time prescribed by these rules, ... the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period shall be included, unless it is a Saturday, Sunday, or a legal holiday, in which event the period extends until the end of the next day that is not a Saturday, Sunday, or legal holiday ...."
Therefore, because the 18th day after the entry of the judgment dismissing Anderson Automotive's appeal was a Saturday, pursuant to Rule 26(a), the 18-day period for the issuance of the certificate of judgment relating to that judgment was extended from Saturday, January 7, 2017, to Monday, January 9, 2017, the next day that was not a Saturday, a Sunday, or a legal holiday. Thus, in accordance with Rules 41(a) and 26(a), this court issued its certificate of judgment related to the dismissal of Anderson Automotive's appeal in case no. 2160124 on Monday, January 9, 2017.
In Landry v. Landry, 91 So.3d 88, 90 (Ala. Civ. App. 2012), this court explained:
"[U]ntil an appellate court enters its certificate of judgment, its decision is not yet final and its jurisdiction over a case is not terminated. See Rule 41(a), Ala. R. App. P. (an appellate court's 'certificate of judgment ... shall issue 18 days after the entry of judgment unless the time is shortened or enlarged by order'); see also Portis [v. Alabama State Tenure Comm'n], 863 So.2d [1125] at 1126 [ (Ala. Civ. App. 2003) ] ; and Veteto v. Yocum, 792 So.2d 1117, 1119 (Ala. Civ. App. 2001)."
See also Smith v. N.C. ex rel. Pierce, 98 So.3d 546, 548 (Ala. Civ. App. 2012) (following this court's holding in Landry ).
Thus, on December 20, 2016, when Anderson Automotive filed its Rule 60(b) motion seeking relief from the default judgment the trial court had entered in favor of Keeler on October 4, 2016, this court still had jurisdiction over that default judgment because Anderson Automotive's appeal in case no. 2160124 was still pending on that date. "Under Rule 60(b), Ala. R. Civ. P., leave to make a motion seeking relief from a trial court's judgment 'need not be obtained from any appellate court except during such time as an appeal from the judgment is actually pending before such court' (emphasis added)." Jenkins v. Covington, 939 So.2d 31, 33-34 (Ala. Civ. App. 2006). Because the appeal in case no. 2160124 was still pending in this court on December 20, 2016,
"it was incumbent upon [Anderson Automotive] to obtain leave from [this court] in order for [Anderson Automotive] to file a valid motion under Rule 60(b) when [it] did and in order for the trial court to have jurisdiction to rule upon that motion. E.g., Brown v. Foster, 785 So.2d 1141, 1141-42 (Ala. Civ. App. 2000)."
Jenkins, 939 So.2d at 34.
When Anderson Automotive filed its Rule 60(b) motion in the trial court on December 20, 2016, the motion for leave to file a Rule 60(b) motion in the trial court that Anderson Automotive had filed in this court was still pending, and it was subsequently *1229 denied upon the issuance of our certificate of judgment in case no. 2160124 on January 9, 2016, because it was then moot. Thus, when Anderson Automotive filed its Rule 60(b) motion in the trial court on December 20, 2016, it did not have leave from this court to file that motion, and, consequently, that motion was not valid and did not vest the trial court with jurisdiction to rule on it. See Jenkins. Therefore, the trial court's December 21, 2016, order purporting to grant Anderson Automotive's Rule 60(b) motion is void because the trial court lacked jurisdiction to enter it.
Conclusion
Because the trial court's December 21, 2016, order purporting to grant Anderson Automotive's Rule 60(b) motion is void, we grant Keeler's petition and issue a writ of mandamus directing the trial court to vacate the December 21, 2016, order and all subsequent orders entered in this action.
PETITION GRANTED; WRIT ISSUED.
Thompson, P.J., and Thomas, Moore, and Donaldson, JJ., concur.