PITTMAN, Judge.
Sean G. Casey (“the former husband”) appeals from an order of the Escambia Circuit Court purporting to deny his motion, filed pursuant to Rule 60(b), Ala. R. Civ. P., seeking relief from a default judgment that had been entered against him by that court in postdivorce proceedings involving him and Jonice Dorriety Casey (“the former wife”). Because we conclude that the former husband’s appeal has been taken from a void order, we dismiss the appeal with instructions.
This is the second appeal arising from litigation involving these parties. See Casey v. Casey, 85 So.3d 435 (Ala.Civ.App.2011) (opinion on application for rehearing). That opinion summarized much of the pertinent procedural background:
“The former husband and the former wife were married in 1999; in 2000, the former husband reentered military service and was temporarily transferred to Florida. During that time, the former wife resided in Atmore and waited for the former husband to receive a permanent assignment; the parties’ child was *201 born in September 2000. The parties never reunited, and, in 2003, they decided to proceed with an uncontested divorce. Although the divorce documents were prepared in 2003, the divorce judgment was not entered until December 2006, in part because the former husband had been sent overseas. The divorce judgment incorporated an agreement of the parties; that judgment awarded physical custody of the parties’ child to the former wife, awarded the former husband liberal visitation, and ordered the former husband to pay $500 in monthly child support.
“The record reveals that, after leaving military service in June 2003, the former husband took employment with a private security company that sent him to Iraq in July 2004; he did not return to Florida until March 2005. Thereafter, he traveled to Idaho briefly and then returned to Florida until September 2005. At that time, he moved to Pennsylvania to attend school and remained there until June 2007. Subsequently, the former husband remarried and moved to New Jersey, staying there until September 2007, when his employer sent him to Saudi Arabia until February 2008.
“In May 2007, the former wife filed an action seeking a judgment declaring that the former husband was in contempt for failing to pay $819 in child support and $2,900 in medical expenses (case no. DR-03-180.01); the former husband was served with the complaint in that action in July 2007. At that time, he was notified that a hearing was set for September 2007, when he was scheduled to be in Saudi Arabia, so he hired an attorney in Bay Minette to represent him and to seek a continuance until his return from overseas. After the September 2007 hearing was continued, the former husband terminated the services of that attorney; however, unknown to the former husband, another hearing had been scheduled for December 13, 2007; nothing in the record indicates that the former husband received formal notification from the trial court of that December hearing date. However, the record does contain a November 2007 e-mail message from the former husband to the former wife in which the former husband acknowledged ‘knowing’ that a December hearing date regarding the unpaid child support and medical bills had been set. The former husband telephoned his current wife in New Jersey and discovered that she had not received any notice of an upcoming hearing, so he ‘assumed’ that there would be no hearing in December 2007. When the former husband returned from Saudi Arabia in February 2008, he received notification of the entry of a default judgment that had been entered against him. That judgment had determined the former husband’s child-support arrearage to be $29,000.
“... The record does not indicate that the former wife amended her contempt complaint to reflect any increase in her child-support-arrearage claim; moreover, the record does not reflect that any official notice of the December 2007 hearing was sent to anyone representing the former husband other than the former husband’s previous attorney. The record also reflects the fact that the former husband, acting pro se, filed a motion for relief from the default judgment on June 9, 2008.[1] Then, on June 25, 2008, the former husband filed a request seeking a modification of visitation, a modification of child support, and the right to claim the child as a dependent for tax purposes and requests concerning the transportation costs of visitation and potential relocation of the parties; that action was assigned case *202 no. DR-03-180.02. The former wife filed an answer; she also filed a counterclaim seeking an order requiring that the former husband be instructed to obtain professional treatment for certain alleged substance-dependency and mental-health issues before being awarded unsupervised visitation with the child.
85 So.3d at 437-38.
As we noted in our opinion on rehearing in the former appeal, “[t]he trial court conducted a bifurcated ore tenus proceeding to address all pending motions on April 21 and August 31, 2009.” 85 So.2d at 439. The trial court, at the outset of the presentation of evidence on August 31, 2009, made the following remarks:
“THE COURT: Now let me also make it clear, we’ve got a case number that is a 180, another case number that’s 180.01 another one which is the 180.02. And for purposes of what we are doing, and whether I did it before or not, I’m consolidating all three of these actions and that are all hereby consolidated as one action regardless of what are the allegations therein. And from this point forward, any future filing or pleading in this proceeding will be identified under the .02 action. And the reason I do this is that we do have some filings that are in some of, I think the .01 may have a file, maybe the .00, and it all needs to be under one heading, one case number, so that we can functionally look in that file and see everything that is out there.
“[Counsel for the former husband]: What was the number we’re going to go by?
“THE COURT: We are going by DR 03-180.02. And that’s just for administrative purposes so that we all have one case number to file things in. So be it. Any future filings, unless of course there was at some point way down the road where there might be another petition to modify or contempt that could be a .03, but at this stage of the process, everything is consolidated under .02. All pending claims, et cetera. And as far as the future filings .02, unless it’s a new action, which the attorneys would understand.”
(Emphasis added.)
On September 30, 2009, the trial court entered a judgment in case no. DR-03-180.02 that, among other things, denied the former husband’s Rule 60(b) motion to set aside the default judgment that had been entered in January 2008; modified the visitation provisions of the parties’ divorce judgment so as to award the former husband supervised visitation with the child during specified school vacations; ordered the former husband to be evaluated by a qualified mental-health professional and to submit to periodic drug testing every 60 days for a specific period; and denied the former husband’s requests for a modification of child support, to claim the child as a dependent for tax purposes, and for current and prospective relief as to transportation costs of visitation. On October 27, 2009, the former husband filed a motion, pursuant to Rules 59(a) and 59(e), Ala. R. Civ. P., seeking either a new trial *203 or that the trial court alter, amend, or vacate the September 30, 2009, judgment; that motion was accompanied by a memorandum of facts and law that, among other things, challenged the trial court’s ruling in the September 30, 2009, judgment as to the Rule 60(b) motion that the former husband had filed in case no. DR-03-180.01. The trial court denied the former husband’s Rule 59 motion on December 30, 2009.
The former husband filed a notice of appeal on January 15, 2010, in case no. DR-03-180.02; in his brief in that appeal, the former husband contended that the trial court had erred in denying the Rule 60(b) motion filed in case no. DR-03-180.01, that he had been erroneously ordered to undergo drug testing and a mental-health evaluation, and that the trial court had erroneously awarded the former wife an attorney’s fee. That appeal was assigned appeal no. 2090371. On March 4, 2011, this court, on original submission, issued an opinion in appeal no. 2090371 in which we concluded, in pertinent part, that, to the extent the former husband sought review of the trial court’s denial of his motion for relief under Rule 60(b) from the judgment previously entered in case no. DR-03-180.01, the former husband’s appeal had not been timely taken:
“As an initial matter, we note that the issues raised by the former husband as [the appeal] relates to the denial of his Rule 60(b) motion may not be considered, because the former husband’s appeal from that denial is untimely. As we have noted, the trial court denied the former husband’s Rule 60(b) motion on September 30, 2009; however, the former husband waited until January 15, 2010, to appeal from that ruling.
“ ‘After a trial court has denied a post-judgment motion pursuant to Rule 60(b), that court does not have jurisdiction to entertain a successive post-judgment motion to “reconsider” or otherwise review its order denying the Rule 60(b) motion, and such a successive postjudgment motion does not suspend the running of the time for filing a notice of appeal.’
“Ex parte Keith, 771 So.2d 1018, 1022 (Ala.1998); see also Green v. Green, 43 So.3d 1242, 1244 (Ala.Civ.App.2009) (trial courts lack jurisdiction to entertain successive motions after entry of a final judgment requesting same or similar relief as a party’s original motion or requesting reconsideration of denial of original postjudgment motion). Thus, to the extent the trial court’s September 30, 2009, judgment denied the former husband’s motion for relief from the January 31, 2008, default judgment, the former husband’s filing of his October 27, 2009, motion did not suspend the 42-day period for filing a notice of appeal as to the trial court’s denial of his Rule 60(b) motion. The notice of appeal filed on January 15, 2010, was not filed within the 42-day appeal period following the entry of the September 30, 2009, judgment. See generally Rule 4(a)(1), Ala. R.App. P. Because the former husband’s appeal of the trial court’s denial of his Rule 60(b) motion is not timely, we dismiss that portion of the appeal, and we address only those issues as to which the former husband’s appeal is timely.”
(Footnote omitted.)
The former husband filed a timely application for rehearing in appeal no. 2090371. In his application for rehearing, the former husband asserted that the trial court had not entered its September 30, 2009, judgment in case no. DR-03-180.01 and posited that this court had erred in concluding that his appeal was due to be dismissed in part. Although the former husband had raised that issue for the first time on *204 rehearing, and although it was proposed to the court that the rehearing application as to that point be overruled on that basis, that proposal was not accepted by all the members of this court. Ultimately, it was agreed by a majority of the court that, even if the former husband’s belated invocation of the general rule regarding consolidation (i e., that when actions are consolidated, each action retains its separate identity so as to require the entry of separate judgments) was appropriate, the former husband had not similarly insisted upon that same principle of separateness because his own notice of appeal had been filed in only case no. DR-03-180.02. This court elected to withdraw its March 4, 2011, opinion and to release a new opinion simply quoting the general rule requiring separate judgments and deeming the scope of the former husband’s appeal to be limited to only those issues adjudicated by the trial court that had originally arisen in case no. DR-08-180.02. Casey v. Casey, 85 So.3d at 439-40 (opinion on application for rehearing).
This court’s substituted opinion in appeal no. 2090371 was issued on July 29, 2011, after which the former husband, pursuant to Rule 39, Ala. R.App. P., filed a petition for a writ of certiorari in August 2011 seeking further review by our supreme court. However, in September 2011, the former husband, before the issuance of this court’s certificate of judgment in appeal no. 2090371, filed a motion in the trial court requesting the entry of “a final and appealable judgment” in case no. DR-03-180.01. On November 30, 2011, while the former husband’s certiorari petition was pending, the trial court entered an order purporting to again deny the June 9, 2008, motion for relief from the judgment entered in case no. DR-03-180.01, but it expressly opined in that order that it had been that court’s intent “that [its] September 30, 2009, order addressed all of the issues presented ... by the parties on the consolidated actions in Case No. DR-03-180.01 and Case No. DR-03-180.02.” The former husband filed a notice of appeal on December 6, 2011, purporting to appeal from that order; that appeal was docketed in this court as appeal no. 2110324. The former husband’s certiorari petition in appeal no. 2090371 was not acted upon until December 9, 2011, when it was denied, and this court’s certificate of judgment in that appeal did not issue until December 12, 2011.
The statements of the trial court made at the August 29, 2010, hearing by which “everything,” i.e., “[a]ll pending claims” involving the parties, were “consolidated” within case no. DR-03-180.02, and its indication in the November 30, 2011, order that its September 30, 2009, judgment had been intended to “address[ ] all of the issues presented ... by the parties on the consolidated actions,” cast considerable doubt upon the proposition that case no. DR-03-180.01 could properly be said to have had any continuing separate existence after the trial court’s consolidation directive such that the trial court would have had any jurisdiction to enter a separate order in November 2011 in that case that would support an appeal. Cf. Schnabel v. Lui, 302 F.3d 1023, 1035 (9th Cir.2002) (discussing the authority of trial courts under Rule 42, Fed.R.Civ.P., to fully “merge” actions together). However, it is not necessary in this appeal to decide that issue, because the order from which the former husband has attempted to appeal is clearly void: the trial court lacked jurisdiction to take any action affecting the issues raised by the parties in appeal no. 2090371 in advance of the issuance of this court’s certificate of judgment on December 12, 2011, in that case. See Reneke v. Reneke, 920 So.2d 579, 584 (Ala.Civ.App.2005), and Portis v. Alabama State Tenure *205 Comm’n, 863 So.2d 1125, 1126 (Ala.Civ.App.2008). We thus dismiss the former husband’s appeal with instructions to the trial court to vacate its November 30, 2011, order.
APPEAL DISMISSED WITH INSTRUCTIONS.
THOMPSON, P.J., and BRYAN, THOMAS, and MOORE, JJ., concur in the result, without writings.

‘‘[1]Although the former wife contends that that motion was an untimely Rule 59, Ala. R. Civ. P., postjudgment motion because (1) the motion was filed more than 30 days after the entry of the judgment and (2) the former husband, albeit inartfully, pleaded that the judgment was void on due-process grounds, we conclude that the former husband’s post-judgment motion was a Rule 60(b) motion, and we treat it as such in this opinion. See, e.g., Ex parte Lang, 500 So.2d 3 (Ala.1986), and Curry v. Curry, 962 So.2d 261 (Ala.Civ.App.2007).”