PITTMAN, Judge.
Sean G. Casey (“the former husband”) appeals from an order of the Escambia Circuit Court[1] denying the former husband’s Rule 60(b), Ala. R. Civ. P., motion seeking relief from a default judgment that had been entered against him and in favor of Jonice D. Casey (“the former wife”) in postdivorce proceedings. We reverse the trial court’s judgment and remand the case with instructions.
These parties have previously been before this court. See Casey v. Casey, 85 So.3d 435 (Ala.Civ.App.2011) {“Casey I”), and Casey v. Casey, 109 So.3d 199 (Ala.Civ.App.2012) {“Casey II”).[2] In Casey I, this court summarized the factual and procedural background as follows:
“The former husband and the former wife were married in 1999; in 2000, the former husband reentered military service and was temporarily transferred to Florida. During that time, the former wife resided in Atmore and waited for the former husband to receive a permanent assignment; the parties’ child was born in September 2000. The parties never reunited, and, in 2003, they decided to proceed with an uncontested divorce. Although the divorce documents were prepared in 2003, the divorce judgment was not entered until December 2006, in part because the former husband had been sent overseas. The divorce judgment incorporated an agreement of the parties; that judgment awarded physical custody of the parties’ child to the former wife, awarded the former husband liberal visitation, and ordered the former husband to pay $500 in monthly child support.
“The record reveals that, after leaving military service in June 2003, the former husband took employment with a private security company that sent him to Iraq in July 2004; he did not return to Florida until March 2005. Thereafter, he traveled to Idaho briefly and then returned to Florida until September 2005. At that time, he moved to Pennsylvania to attend school and remained there until June 2007. Subsequently, the former husband remarried and moved to New Jersey, staying there until September 2007, when his employer sent him to Saudi Arabia until February 2008.
“In May 2007, the former wife filed an action seeking a judgment declaring that the former husband was in contempt for failing to pay $819 in child support and $2,900 in medical expenses *1177 (case no. DR-0S-180.01); the former husband was served with the complaint in that action in July 2007. At that time, he was notified that a hearing was set for September 2007, when he was scheduled to be in Saudi Arabia, so he hired an attorney in Bay Minette to represent him and to seek a continuance until his return from overseas. After the September 2007 hearing was continued, the former husband terminated the services of that attorney; however, unknown to the former husband, another hearing had been scheduled for December 13, 2007; nothing in the record indicates that the former husband received formal notification from the trial court of that December hearing date. However, the record does contain a November 2007 e-mail message from the former husband to the former wife in which the former husband acknowledged ‘knowing[1] that a December hearing date regarding the unpaid child support and medical bills had been set. The former husband telephoned his current wife in New Jersey and discovered that she had not received any notice of an upcoming hearing, so he ‘assumed’ that there would be no hearing in December 2007. When the former husband returned from Saudi Arabia in February 2008, he received notification of the entry of a default judgment that had been entered against him. That judgment had determined the former husband’s child-support arrearage to be $29,000.
“The former husband contends that the 2008 judgment is void because he did not have notice that the hearing would review child-support payments back to the date the parties had signed their separation agreement, August 2003, that was subsequently incorporated into a divorce judgment in December 2006. He claims that due process requires that he should have been notified by the trial court that the former wife was not seeking the minimal amount originally alleged in her contempt complaint, ie., $819 in child support and $2,900 in unpaid medical bills. The record does not indicate that the former wife amended her contempt complaint to reflect any increase in her child-support-arrearage claim; moreover, the record does not reflect that any official notice of the December 2007 hearing was sent to anyone representing the former husband other than the former husband’s previous attorney. The record also reflects that the former husband, acting pro se, filed a motion for relief from the default judgment on June 9, 2008.[1] Then, on June 25, 2008, the former husband filed a request seeking a modification of visitation, a modification of child support, and the right to claim the child as a dependent for tax purposes and requests concerning the transportation costs of visitation and potential relocation of the parties; that action was assigned case no. DR-03-180.02. The former wife filed an answer; she also filed a counterclaim seeking an order requiring that the former husband be instructed to obtain professional treatment for certain alleged substance-dependency and mental-health issues before being awarded unsupervised visitation with the child.
“[1] Although the former wife contends that that motion was an untimely Rule 59, Ala. R. Civ. P., postjudgment motion because (1) the motion was filed more than 30 days after the entry of the judgment and (2) the former husband, albeit inartfully, pleaded that the judgment was void on due-process grounds, we conclude that the former husband’s post-judgment motion was a Rule 60(b) motion, and we treat it as such in this opinion. See, e.g., Ex parte Lang, 500 *1178 So.2d 3 (Ala.1986), and Curry v. Curry, 962 So.2d 261 (Ala.Civ.App.2007).”
85 So.3d at 437-38.
The trial court conducted a bifurcated ore tenus proceeding to address all pending motions on April 21 and August 31, 2009; at the outset of the presentation of evidence on August 31, 2009, the trial court stated its intention to consolidate case no. DR-03-180, case no. DR-03-180.01, and case no. DR-03-180.02 and to proceed under case no. DR-03-180.02 for all three actions. Casey II, 109 So.3d at 202. This court further explained how the case had proceeded procedurally:
“On September 30, 2009, the trial court entered a judgment in case no. DR-03-180.02 that, among other things, denied the former husband’s Rule 60(b) motion to set aside the default judgment that had been entered in January 2008; modified the visitation provisions of the parties’ divorce judgment so as to award the former husband supervised visitation with the child during specified school vacations; ordered the former husband to be evaluated by a qualified mental-health professional and to submit to periodic drug testing every 60 days for a specific period; and denied the former husband’s requests for a modification of child support, to claim the child as a dependent for tax purposes, and for current and prospective relief as to transportation costs of visitation. On October 27, 2009, the former husband filed a motion, pursuant to Rules 59(a) and 59(e), Ala. R. Civ. P., seeking either a new trial or that the trial court alter, amend, or vacate the September 30, 2009, judgment; that motion was accompanied by a memorandum of facts and law that, among other things, challenged the trial court’s ruling in the September 30, 2009, judgment as to the Rule 60(b) motion that the former husband had filed in case no. DR-03-180.01. The trial court denied the former husband’s Rule 59 motion on December 30, 2009.
“The former husband filed a notice of appeal on January 15, 2010, in case no. DR-03-180.02; in his brief in that appeal, the former husband contended that the trial court had erred in denying the Rule 60(b) motion filed in case no. DR-03-180.01, that he had been erroneously ordered to undergo drug testing and a mental-health evaluation, and that the trial court had erroneously awarded the former wife an attorney’s fee. That appeal was assigned appeal no. 2090371. On March 4, 2011, this court, on original submission, issued an opinion in appeal no. 2090371 in which we concluded, in pertinent part, that, to the extent the former husband sought review of the trial court’s denial of his motion for relief under Rule 60(b) from the judgment previously entered in case no. DR-03-180.01, the former husband’s appeal had not been timely taken.”
109 So.3d at 202-03. Specifically, this court determined that, because the former husband’s October 27, 2009, motion was a successive postjudgment motion to “reconsider” the order denying the former husband’s Rule 60(b) motion, it did not suspend the 42-day period to appeal following the denial of his Rule 60(b) motion in the trial court’s September 30, 2009, judgment, and, thus, the former husband’s notice of appeal filed on January 15, 2010, had not been timely filed. Upon granting the former husband’s application for rehearing, however, this court substituted the following analysis regarding the former husband’s argument that the trial court had erred in denying his Rule 60(b) motion in case no. DR-03-180.01:
“[T]he issues raised by the former husband relating to the denial of his Rule 60(b) motion in case no. DR-03-180.01 *1179 (the contempt action) may not be considered because the former husband has not filed a notice of appeal in that action. As noted previously, on September 30, 2009, the trial court, in a judgment entered in case no. DR-03-180.02 (the modification action), purported to deny the former husband’s Rule 60(b) motion filed in case no. DR-03-180.01 (the contempt action); however, the former husband filed a notice of appeal only in the modification action. Alabama law is well settled that consolidated actions maintain their separate identities, and separate judgments are to be entered in each action. H.J.T. v. State ex rel. M.S.M., 34 So.3d 1276, 1278 (Ala.Civ.App.2009). Any issues raised by the former husband relating to the purported denial of his Rule 60(b) motion, which was filed in case no. DR-03-180.01 (the contempt action), may not be considered because the former husband has not filed a notice of appeal in that case. Because the former husband, for all that appears in the record, has not filed a notice of appeal in the contempt action, we may not address the correctness of any ruling the trial court may have made regarding the former husband’s Rule 60(b) motion in the contempt action.”
85 So.3d at 439-40.
Following the issuance of that opinion on rehearing on July 29, 2011, the former husband, pursuant to Rule 39, Ala. R.App. P., filed a petition for a writ of certiorari in August 2011 seeking review by the Alabama Supreme Court, which was denied on December 9, 2011. This court’s certificate of judgment in that appeal — Casey I— issued on December 12, 2011. Because the trial court had purported to enter a final judgment before this court’s certificate of judgment had issued on December 12, 2011, this court, in Casey II, dismissed the former husband’s appeal from that order by the trial court as void for lack of jurisdiction. 109 So.3d at 204. On October 30, 2012, the former husband filed a motion in the trial court requesting a “final and appealable judgment” in case no. DR-03-180.01. On February 5, 2013, the trial court entered an order denying the former husband’s motion and declining to enter a final judgment in case no. DR-03-180.01, noting that it had previously denied the former husband’s Rule 60(b) motion. The former husband timely filed his notice of appeal to this court.
On appeal, the former husband argues that the trial court erred in declining to enter a final judgment and requests this court to reach the merits of his appeal from the denial of his Rule 60(b) motion. Because the trial court’s order denying the former husband’s motion for a final judgment in case no. DR-03-180.01 indicates the trial court’s intention that a final judgment had been entered in case no. DR-03-180.01, it is clear to this court that the trial court has made its final determination regarding case no. DR-03-180.01. Thus, we consider the trial court’s February 5, 2013, order as an implicit denial of the former husband’s Rule 60(b) motion and as a final judgment in case no. DR-03-180.01.
With regard to the trial court’s denial of his Rule 60(b) motion, the former husband argues, among other things,[3] that the trial court denied him procedural due process and, thus, erred in denying his motion filed pursuant to Rule 60(b)(4).
“The proper standard of review of the denial of a Rule 60(b)(4) motion is as follows:
“ ‘ “ ‘The standard of review on appeal from the denial of relief under Rule 60(b)(4) is not whether there has been an abuse of discretion. When *1180 the grant or denial of relief turns on the validity of the judgment, as under Rule 60(b)(4), discretion has no place. If the judgment is valid, it must stand; if it is void, it must be set aside. A judgment is void only if the court rendering it lacked jurisdiction of the subject matter or of the parties, or if it acted in a manner inconsistent with due process.’ ” ’
“Bank of America Corp. v. Edwards, 881 So.2d 403, 405 (Ala.2003) (quoting Image Auto, Inc. v. Mike Kelley Enters., Inc., 823 So.2d 655, 657 (Ala.2001), quoting in turn Insurance Mgmt. & Admin., Inc. v. Palomar Ins. Corp., 590 So.2d 209, 212 (Ala.1991)); Ex parte N.B., 66 So.3d 249, 254 (Ala.2010).”
Looney v. State, 60 So.3d 293, 296 (Ala.Civ.App.2010). Furthermore,
“we review the denial of a Rule 60(b)(4) motion de novo. Looney v. State, 60 So.3d 293, 296 (Ala.Civ.App.2010). Moreover, ‘[i]n reviewing a trial court’s judgment, we are not limited by the reasoning the trial court applied in reaching its judgment. Instead, we can affirm a trial court’s judgment if it was correct for any valid legal reason.’ Rogers v. Penske Truck Leasing Co., 37 So.3d 780, 789 (Ala.Civ.App.2009). Thus, the only question for review by this court is the legal question whether the judgment is void. Nationwide Mut. Fire Ins. Co. v. Austin, 34 So.3d 1238, 1242 (Ala.2009).”
Hobbs v. Heisey, 118 So.3d 187, 191 (Ala.Civ.App.2012).
The former husband argues on appeal that the trial court failed to comply with Rule 5, Ala. R. Civ. P., and Rule 15, Ala. R. Civ. P., by allowing the former wife to amend her claims as to the former husband’s child-support arrearage and unpaid medical expenses without proper notice to the former husband. Rule 15 states, in pertinent part
“(a) Amendments. Unless a court has ordered otherwise, a party may amend a pleading without leave of court, but subject to disallowance on the court’s own motion or a motion to strike of an adverse party, at any time more than forty-two (42) days before the first setting of the case for trial, and such amendment shall be freely allowed when justice so , requires. Thereafter, a party may amend a pleading only by leave of court, and leave shall be given only upon a showing of good cause. A party shall plead in response to an amended pleading within the time remaining for a response to the original pleading or within ten (10) days after service of the amended pleading, whichever period may be longer, unless the court orders otherwise.
“(b) Amendments to Conform to the Evidence. When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be sub-served thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice the party in maintaining the party’s action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence. An amendment shall not be refused under subdivision (a) and (b) of *1181 this rule solely because it adds a claim or defense, changes a claim or defense, or works a complete change in parties. The Court is to be liberal in granting permission to amend when justice so requires.”
Because the former husband did not attend the December 2007 hearing, there could not have been any implied or express consent, as contemplated in Rule 15(b), on his part regarding the additional amounts, above what was alleged in the complaint, that were sought by the former wife. See Sundance Marina v. Smith, 469 So.2d 647, 648 (Ala.Civ.App.1985). The former husband also cites Rule 5(a), which states, in pertinent part, that “[n]o service need be made on parties in default for failure to appear except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons in Rule 4.” “[A] party is ‘in default for failure to appear’ when that party does not appear in an action; no formal adjudication of default by a court is necessary.” Austin v. Austin, [Ms. 2120102, July 19, 2013] — So.3d —, — (Ala.Civ.App.2013). In the present case, the former husband was a party in default due to his failure to appear on the day the case was set for a hearing. See Seventh Wonder v. Southbound Records, Inc., 364 So.2d 1173, 1174 (Ala.1978). Thus, in accordance with Rule 5(a), service was required on the former husband when the former wife amended her claims as to the former husband’s child-support arrearage and unpaid medical expenses to seek additional amounts.
Moreover, Rule 54(c), Ala. R. Civ. P., states, in pertinent part: “Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party’s pleadings.” (Emphasis added.) In Continental Casualty Co. v. Barlar, 55 Ala.App. 441, 443-44, 316 So.2d 690, 692-93 (Ala.Civ.App.1975), this court reversed, as being void in its entirety, a judgment entered for an amount exceeding the amount claimed in the original complaint, determining that the judgment was beyond the authority of the court to render. See also Jenkins v. Covington, 939 So.2d 31 (Ala.Civ.App.2006).[4] Like in Bar-lar, pursuant to Rule 54(c), the trial court in the present case did not have the authority to enter a judgment for an amount greater than that requested in the former wife’s complaint. We conclude that the default judgment entered against the former husband is void in its entirety. Thus, the trial court erred in denying the former husband’s Rule 60(b)(4) motion. We, therefore, reverse the trial court’s order denying the former husband’s Rule 60(b) motion, and we remand the cause with instructions to the trial court to vacate that order and to grant the former husband’s motion, thereby vacating the default judgment entered against the former husband.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and THOMAS, MOORE, and DONALDSON, JJ., concur.

. Although the trial court declined to enter a final judgment in case no. DR-03-180.01, as requested by the former husband, we proceed as though a final judgment has been entered in that case. This will be further discussed below.

. The record from Casey II has been incorporated into the present appeal.

. Although the former husband raises a number of issues on appeal, because one issue is dispositive, we decline to address the remaining issues.

. We note, however, that, in Bass Pecan Co. v. Berga, 694 So.2d 1311, 1314 (Ala.1997), the Alabama Supreme Court determined that, in cases in which the complaint does not specify the amount of damages sought, a party in default for failure to appear is sufficiently informed that damages could be awarded at the discretion of the court pursuant to Rule 54(c).