THOMAS, Judge.
On July 13, 2013, Patrick Maxwell (“the husband”) filed a petition in the Shelby Circuit Court seeking a protection-from-abuse, (“PFA”) order against .Chara Maxwell (“the wife”). See Ala.Code 1975, § 30-5-1 et seq. On July 18, 2014, the wife filed a PFA petition seeking protection from the husband. ■ On July 19, 2013, the husband filed a complaint seeking a divorce, from the wife.. In his .complaint, the husband requested a divorce, that he be awarded the parties’ house and household furnishings, that the court costs of the action be divided equally, and “such other and further relief as may be proper.” The wife answered the divorce complaint; she did not counterclaim for a divorce.[1] Both PFA actions were later consolidated with the divorce action.
In March 2014, the trial court set the consolidated actions for a trial to be held on May 2, 2014; the trial date was continued, by agreement of the parties, to July 11, 2014. On July 10, 2014, the wife, ap *696 pearing pro se, filed a handwritten request for a continuance citing work obligations as the reason she would not be able to attend the trial scheduled for July 11, 2014. The trial court denied the wife’s motion for a continuance on July 11, 2014, and the trial proceeded in her absence.
At the July 11, 2014, trial, the trial court dismissed the wife’s PFA action based on the wife’s failure to prosecute. The husband testified briefly about the parties’ assets. He requested that he be awarded the marital, residence and that he be required to assume the indebtedness associated with the marital residence. He testified that the parties had divided all the personal property when they separated in July 2013, and he requested that each party be awarded the personal property in their respective possession. Regarding his PFA action, the husband testified that the wife had threatened him and had been physically violent toward him during the marriage. In addition, the husband testified that the wife had been arrested on a charge of domestic violence approximately two years before the trial. Based on that testimony, the husband requested that the divorce judgment include provisions providing protection from domestic violence. Finally, although neither his divorce complaint nor his PFA petition had requested an attorney fee, the husband requested an attorney fee during his testimony.
On September 18, 2014, the trial court entered a judgment of divorce. In the judgment, among other things, the trial court divorced the parties and awarded the husband a $5,000 attorney fee. No post-judgment- motions were filed, and the wife filed her notice of appeal to this court on October 30, 2014.
The wife raises two arguments on appeal. She first argues that the trial court lacked the authority to award the husband an attorney fee because he had not included a request for an attorney fee in his divorce complaint or in his PFA petition. The wife further argues that the trial court erred by not exercising its power to set aside the default divorce judgment it had entered against the wife on its own motion. See Rule 55(c), Ala. R. Civ. P. (“The court may on its own motion set aside a judgment by default within thirty (30) days after the entry of the judgment.”). We will address the wife’s arguments in reverse order.
Although the wife is correct that, under Rule 55(c), the trial court had the authority to set aside the default divorce judgment on its own motion, she has not presented authority indicating that an appellate court may review a failure of the trial court to set aside a default judgment on its own motion. The wife did not move to have the default divorce judgment set aside under Rule 55(c), so her arguments that she has a meritorious defense and that the husband would not be prejudiced if the default judgment were set aside are raised for the first time on appeal. We cannot, as the wife appears to urge, review the trial court’s failure to set aside a default judgment on its own motion in the same manner as we would the denial of a proper motion to set aside the default judgment. To do so would run afoul of the oft-repeated precept that an appellate court will not consider an argument not first presented to the trial court. See Green v. Taylor, 437 So.2d 1259, 1260 (Ala.1983) (stating that “[t]he rationale behind ... the general rules regarding the necessity for post-trial motions is that, ordinarily, issues not raised before the trial court may not be raised for the first time on appeal”). As our supreme court explained in Wade v. Pridmore, 361 So.2d 511, 513 (Ala.1978), “a party in default should make a formal motion to set aside a judgment of default.” The wife’s failure to have done *697 so “prevents review of any alleged error of entering the default.” Wade, 361 So.2d at 512. Thus, we will not review the trial court’s failure to set aside the default divorce judgment on its own motion. The entry of the default divorce judgment is therefore affirmed.
However, we are persuaded by the wife’s argument regarding the attorney-fee award. The husband did not request an attorney fee in either his divorce complaint or his PFA petition. Ordinarily, a request for an attorney fee must be made in order to invoke the trial court’s authority to award an attorney fee. See Cinader v. Cinader, 367 So.2d 487, 488 (Ala.Civ.App.1979). The first mention of the husband’s desire to be awarded an attorney fee appears near the end of the transcript of the divorce trial, when the husband’s counsel asked the husband if he was requesting an attorney fee. The husband argues on appeal that the issue of an attorney fee was tried by the implied consent of the parties under Rule 15(b), Ala. R. Civ. P., because the issue was raised at trial and because the wife, who was not present at trial, failed to object.
Rule 15(b) provides that “[w]hen issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings.” To be sure, the issue of an attorney fee may be tried by the implied consent of the parties. See Tidwell v. Tidwell, 379 So.2d 614, 615 (Ala.Civ.App.1980) (affirming an award of an attorney fee despite the failure to request an attorney fee in the pleadings when evidence 'of the legal services rendered and the fee incurred were presented at trial without objection). However, an issue cannot be tried by the implied consent of the parties unless the parties are present at trial to impliedly consent. See Casey v. Casey, 142 So.3d 1174, 1181 (Ala.Civ.App.2013) (“Because the former husband did not attend the December 2007 hearing, there could not have been any implied or express consent, as contemplated in Rule 15(b), on his part:.,.”). The conclusion reached in Casey is readily supported by the language of Rule 54(c), Ala. R. Civ. P., which clearly states that “[a] judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment.” As explained in the Committee Comments on the 1973 Adoption of Rule 54, “[t]he first sentence of [Rule . 54(c)] states the traditional view, based upon the fundamental unfairness of giving greater or different relief in a judgment from that of which the defendant was given notice by the complaint, in cases where he does not appear and defend against the action.” Put another way,
“[a] party should- have the right to assume that a court’s judgment following his default will not extend beyond the issues presented by the complaint and' the relief requested therein. He is deprived of his day in court if a default judgment is taken against him which neither comports with the issues stated nor with the relief sought.”
Caver v. Caver, 410 So.2d 902, 904 (Ala.Civ.App.1982).
The default divorce judgment was entered' based on the wifé’s default in failing to appear for trial. She was not present to impliedly consent to trying the unpleaded request' for ah attorney fee. Accordingly, we reverse the default divorce judgment insofar' as it awarded the husband an attorney fee, and we remand the cause with instructions to the trial court to delete the provision of the default divorce judgment awarding the. husband an attorney fee. The remainder of the default divorce judgment is affirmed.
*698 AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS..
THOMPSON, P.J., and PITTMAN, MOORE, and DONALDSON, JJ., concur.

. Although the wife was initially represented by counsel, the trial court granted the wife’s counsel’s motion to withdraw in December 2013. After that date, the wife appeared pro se.